ORIGINAL

FILED
08 JAN 14 PM 4:03
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  DEBORAH E. BARACK (State Bar No. 207493)
   2029 Century Park East
3  Los Angeles, CA 90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   lacalendar@stroock.com, dbarack@stroock.com
5
6  NELSON MULLINS RILEY & SCARBOROUGH, LLP
   MARK A. SAFFORD
7  DONALD R. POCOCK
   380 Knollwood, Ste. 530
8  Winston-Salem, NC 27103
   mark.stafford@nelsonmullins.com
9  donald.pocock@nelsonmullins.com

10 Attorneys for Non-Party
     HSBC AUTO FINANCE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

'08 CV 0081 IEG JMA

13 RONALD LOWERY,          )
14        Plaintiff,        )
                            )   MEMORANDUM OF POINTS AND
15     vs.                  )   AUTHORITIES IN SUPPORT OF
                            )   MOTION OF NON-PARTY HSBC AUTO
16 ALAN VESTER FORD LINCOLN )   FINANCE, INC. TO QUASH SUBPOENA;
17 MERCURY, INC.,           )
                            )   [Notice of Motion and Motion and Declaration
18        Defendant.        )   of Deborah E. Barack filed concurrently]
                            )
19                          )

LA 51018937v1

## MEMORANDUM OF POINTS AND AUTHORITIES

NOW COMES HSBC Auto Finance, Inc. ("HSBC"), by and through its undersigned counsel, pursuant to Civil Rule 7.1 of the Local Rules of the United States District Court for the Southern District of California and submits the following Memorandum and Points of Authorities in support of the Motion of HSBC Auto Finance, Inc. to quash subpoenas:

### I.   PROCEDURAL POSTURE

The Motion before the Court concerns two subpoenas duces tecum issued by an attorney in North Carolina who serves as counsel for the Plaintiff in a civil action pending in the Eastern District of North Carolina, Western Division bearing file number 5:07-CV-00134-F. The action was originally commenced in the North Carolina state courts and later removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b). The North Carolina suit seeks to recover damages for fraud, unfair and deceptive trade practices, and violations of North Carolina state law related to various alleged practices of the Defendant used to illegally finance motor vehicle purchases ("the North Carolina Action").

HSBC, movant herein, is not a party to the North Carolina Action, rather, HSBC has received two subpoenas duces tecum issued by counsel for the plaintiff in the North Carolina Action purporting to compel HSBC to appear and testify and to produce certain documents. Copies of the subpoenas are attached as Exhibits A and B to the Declaration of Deborah E. Barack filed contemporaneously with this Memorandum. The first subpoena was dated December 22, 2007 and purported to compel HSBC to appear and testify at its offices in San Diego, California on January 22, 2008 at 10:00 a.m. The second subpoena dated January 3, 2008 purported to compel HSBC to appear and testify at the same location as the first subpoena, but changed the date of the deposition to January 17, 2008.

This Motion is filed pursuant to Federal Rule of Civil Procedure 45(c)(3) to quash or modify both the December 22, 2007 and January 3, 2008 subpoenas. The Motion is required to be heard by this Court, rather than the Eastern District of North Carolina, because under Rule 45(a)(2), the subpoenas are "issued" by this Court since the subpoenas are "the district where the deposition

- 1 -

LA 51018937v1

is to be taken" and "the district where the production or inspection [of documents] is to be made." See Fed. R. Civ. P. 45(a)(2)(A) and 45(a)(2)(B).

## II. ARGUMENT

HSBC provides financing purchasers of motor vehicles at dealerships located all across the United States. At one time, HSBC had a commercial relationship with certain Alan Vester dealerships located in North Carolina, which may have included the defendant dealership named in the North Carolina Action. All of HSBC's relationships with Alan Vester dealerships in North Carolina have been terminated, and there is no ongoing relationship between HSBC and any Alan Vester dealerships, including the named defendant in the North Carolina Action.

### A. Service Of The Subpoenas On HSBC Was Improper.

Plaintiff purportedly served the December 22, 2007 by mailing a copy to HSBC's registered agent in North Carolina and by mailing a copy, by regular mail, to an address located in San Diego, California. No copy of any subpoena has ever been addressed to HSBC's registered agent within California. Neither copy of the December 22, 2007 subpoena was directed to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

HSBC also received a subpoena dated January 3, 2008 purporting to compel HSBC to appear and testify at the same location as the first subpoena, but changing the time of the deposition to January 17, 2008 -- thereby reducing the amount of time to respond or prepare for the deposition by five days. According to a certificate of service attached to the January 3, 2007 subpoena, it was mailed, by regular mail, to an address located in San Diego, California. As with the December 22, 2007 subpoenas, the January 3, 2008 subpoena was not directed to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Rule 45(b) provides:

> (2) Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> (A) within the district of the issuing court;
>
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

- 2 -

LA 51018937v1

       (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

       (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Under Rule 45(b)(2), delivery of a subpoena issued by this court, in California, to a registered agent in North Carolina is not proper service, even assuming the registered agent is the proper person for service of process within the State of North Carolina. No motion under Rule 45(b)(2)(d) has been filed before this court to authorize service in any manner other than as required by Rule 45(b). Accordingly, for either subpoena issued by the plaintiff in the North Carolina Action to have any effect, it must be properly served within the State of California or within the Southern District of California.

The subpoenas are addressed to "Nick Damato" who is not identified as an agent for service of process on the face of the subpoena. HSBC does maintain an agent for service of process within California, but Mr. Damato is not it, and the registered office is not located at the address included in plaintiffs' subpoenas. The plaintiff cannot demonstrate that service of any subpoena on HSBC was properly achieved, thus the subpoenas should be quashed as ineffective to compel HSBC to testify or produce documents.

### B. The Court Is Required To Quash The Subpoenas Under The Mandatory Language Of Rule 45(c)(3)(A).

Rule 45(c)(3)(A) requires this court to quash the subpoenas. The Rule provides:

(3) Quashing or Modifying a Subpoena.

    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

       (i) fails to allow a reasonable time to comply;

       (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

       (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

-3-

LA 51018937v1

1   (iv) subjects a person to undue burden.
2   The language of Rule 45(c)(3) is mandatory, not permissive.
3   In the case at bar, plaintiff has issued two subpoenas with conflicting times for deposition that purport to require HSBC to disclose information that is proprietary, commercially sensitive, and potentially includes privileged communications and internal documents. In addition to the confidential nature of the information sought by plaintiff, the subpoenas require HSBC to search its corporate records, produce these materials, and produce a witness who is qualified to speak on behalf of the company within a matter of days.

The time period allowed in the subpoenas is drastically short for a corporation that conducts business on a national scale and which had no advance warning of this deposition. Personnel for HSBC simply do not have sufficient time to locate all of the materials demanded, review them for issues of privilege, confidentiality, and responsiveness, and prepare an individual to testify accurately regarding HSBC's corporate knowledge. Thus, to compel the deposition of HSBC to proceed on January 17 or on January 22 would not allow a reasonable time to comply and would subject HSBC to an undue burden.

In addition to the mandatory language of Rule 45(c)(3)(A), Rule 45(c)(3)(B) permits the issuing court to quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research, development, or commercial information. After receipt of the December 22, 2007 subpoenas, HSBC lodged objections to the documents requested under the subpoena. HSBC objected to the document requests on the grounds that the subpoenas were overly broad, unduly burdensome and sought material that is confidential and proprietary in nature and includes trade secrets. The subpoena seeks to obtain documents including dealer agreements, lending guidelines, loan criteria, and materials related to the commercial relationship between HSBC and any Alan Vester dealership, not merely the dealership named in the pendant action. These requests are overly broad and couched in terms to apparently provide plaintiff with information that could be useful in other pending suits against other Alan Vester dealerships.

HSBC objects to the requests for production on the grounds that the requests seek disclosure of privileged or other protected matters, namely, the requests seek the contents and

- 4 -

LA 51018937v1

1  details of commercial standards used by HSBC in the conduct of its business and the terms of its
2  dealer agreements with any Alan Vester dealership, which requests are not limited to the dealership
3  named in this action. Under Rule 45(c)(3)(A) this Court is required to quash or modify the
4  subpoena.

5      At a minimum, the information sought in the subpoena is trade secret or other confidential
6  commercial information. Under Rule 45(c)(3)(B), the Court may quash or modify the subpoena,
7  and such actions are warranted given the extremely short notice provided to HSBC, a non-party,
8  and the extremely broad nature of the requests.

9      WHEREFORE, HSBC Auto Finance, Inc. prays the Court as follows:

10     1.    That it quash the December 22, 2007 and January 3, 2008 subpoenas completely;

11     2.    Alternatively, that the Court modify the December 22, 2007 and January 3, 2008
12 subpoenas to allow a reasonable time to comply with the requests;

13     3.    That the Court Order that HSBC is not required to disclose any privileged, trade
14 secret, or confidential commercial information in any deposition in this action; and

15     4.    For such other and further relief as the Court may deem just and proper.

16 Dated: January 14, 2007        Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
DEBORAH E. BARACK

NELSON MULLINS RILEY &
SCARBOROUGH, LLP
MARK A. STAFFORD
DONALD R. POCOCK

By: _____
       Deborah E. Barack

Attorneys for Non-Party
    HSBC AUTO FINANCE, INC.

- 5 -

LA 51018937v1

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA ) |
|   | ) ss |
| 3 | COUNTY OF LOS ANGELES ) |

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On January 14, 2008, I served the foregoing document(s) described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY HSBC AUTO FINANCE, INC. TO QUASH SUBPOENA** on the interested parties in this action as follows:

| | |
|---|---|
| Mona Lisa Wallace, Esq. | Lyn K. Broom, Esq. |
| John Hughes, Esq. | Teague, Rotenstreich, Stanaland, Fox & Holt |
| Wallace & Graham, P.A. | 101 South Elm Street, Suite 350 |
| 525 N. Main Street | Greensboro, NC 27401 |
| Salisbury, NC 28144 | *Attorney for Defendant Alan Vester Ford* |
| *Attorney for Plaintiff Ronald Lowery* | *Lincoln Mercury, Inc.* |

[X] **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope(s), with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on January 14, 2008, at Los Angeles, California.

| | |
|---|---|
| Beverly A. Stanfield | *Beverly A. Stanfield* |
| [Type or Print Name] | [Signature] |

LA 51019028